# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ARTHUR GRIFFIN,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) No. 06-2264-CM <br> ) <br> **YELLOW TRANSPORTATION, INC., et al.,**) <br> ) <br> **Defendants.** ) <br> ) | |

## ORDER

Pending before the court are several motions: Defendant's Motion for Order Compelling Arbitration and Dismissing, or Alternatively, Staying Action (Doc. 3); Plaintiff's Alternative Motion to Stay a Ruling and Briefing on Defendant's Motion to Compel Arbitration (Doc. 6); Defendant Yellow Transportation Inc.'s Renewed Motion for Order Compelling Arbitration and Dismissing or Staying Action (Doc. 17); and Motion of Defendant Adam Blankenship to Dismiss and Compel Arbitration (Doc. 20). Plaintiff contends that he cannot fully respond to defendants' motions to compel arbitration without limited discovery on the issue of whether the parties formed a valid and binding contract to arbitrate plaintiff's claims.

The court has reviewed the briefs, and finds that under the circumstances of this case, limited discovery on the issue of whether the parties formed a valid and binding contract is appropriate. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 608–09 (3d Cir. 2002) (remanding case to allow discovery on whether the costs of arbitration would effectively deny the plaintiff a forum, which would render a fee-splitting provision unenforceable). Rather than granting plaintiff's motion to stay briefing, however, the court will deny without prejudice the motions to compel arbitration. *See*

*Dunlap v. Green Tree Servicing, LLC*, No. Civ.A. 2:05-0311, 2005 WL 3178593, at *2–4 (S.D.W. Va. Nov. 28, 2005) (denying motion to compel arbitration without prejudice and permitting discovery, warning the parties that the court was not authorizing a "fishing expedition").  Defendants may file a new motion following the close of the limited discovery approved in this Order.  The magistrate judge will schedule the limited discovery and rule on any issues governing the discoverability of particular documents.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Order Compelling Arbitration and Dismissing, or Alternatively, Staying Action (Doc. 3); Defendant Yellow Transportation Inc.'s Renewed Motion for Order Compelling Arbitration and Dismissing or Staying Action (Doc. 17); and Motion of Defendant Adam Blankenship to Dismiss and Compel Arbitration (Doc. 20) are denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Alternative Motion to Stay a Ruling and Briefing on Defendant's Motion to Compel Arbitration (Doc. 6) is granted in part and denied in part. The parties may conduct limited discovery on the issue of whether the parties formed a valid and binding contract to arbitrate plaintiff's claims, to be scheduled by the magistrate judge.

Dated this 21st day of February 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**

**CARLOS MURGUIA**
**United States District Judge**