## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ARTHUR GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 06-2264-CM** |
| ) | |
| **YELLOW TRANSPORTATION, INC., et al.,**) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Arthur Griffin brings this employment discrimination action against his former

employer, Yellow Transportation, Inc., and Adam Blankenship, a vice president with defendant

Yellow Transportation.  Defendants filed a Renewed Motion of Defendants to Dismiss and Compel

Arbitration (Doc. 34), arguing that plaintiff is bound by a Dispute Resolution Agreement that he

signed when he began his employment.

**I.     Factual Background**

Defendant Yellow Transportation employed plaintiff from 2002 until 2006.  On April 26,

2002, plaintiff signed a Dispute Resolution Agreement that stated that "all disputes, claims or

controversies arising out of, or related to . . . [plaintiff's] employment, or the cessation of [his]

employment with Yellow that would otherwise require or allow resort to a court" would be resolved

"exclusively by final and binding arbitration before a neutral arbitrator."  The agreement defines

"employment claims" as including "claims of discrimination . . . or retaliation . . . whether based on

local, state, or federal laws or regulations, or on tort, contract, or equitable law, or otherwise."

Rather than filing suit, an employee is required to initiate the dispute resolution process within one

year after a claim arises.

Plaintiff does not believe that the alleged arbitration agreement was presented to him. He filed an affidavit stating that he did not know that he signed an arbitration agreement until after the commencement of this litigation. He also states that he cannot afford an estimated $20,000 to $40,000 in arbitrator's fees, as his income is only $40,000 per year.

In June 2004, defendant issued a Policy Guide to Workplace Conduct that discussed the company's dispute resolution process. The Guide also included a disclaimer stating that the materials in the Guide did not create a contract between Yellow Transportation and its employees. Plaintiff states that he believed that the dispute resolution process described in the policy was not binding because of the disclaimer.

## II.   Enforcement of Arbitration Agreements

The Federal Arbitration Act ("FAA") "evinces a strong federal policy in favor of arbitration." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). When an agreement contains an arbitration clause, "a presumption of arbitrability arises . . . ." *Id.* (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). The presumption of arbitrability does not apply, however, when the parties dispute whether a valid and enforceable arbitration agreement exists. *See Riley Mfg. Co. v. Anchor Class Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998) (citation omitted).

A defendant bears the initial burden of showing that an arbitration agreement is valid. *SmartText Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1262–63 (D. Kan. 2003) (citations omitted); *Phox v. Atriums Mgmt. Co.*, 230 F. Supp. 2d 1279, 1282 (D. Kan. 2002). Once the

defendant has met this burden, the plaintiff must show that a genuine issue of fact remains about the agreement. *SmartText Corp.*, 296 F. Supp. 2d at 1263; *Phox*, 230 F. Supp. 2d at 1282. "Just as in summary judgment proceedings, a party cannot avoid . . . arbitration by generally denying the facts upon which the right to arbitration rests. . . ." *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002).

**III.     Discussion**

Plaintiff offers two reasons why the court should not enforce the arbitration agreement: (1) there are material issues of fact concerning whether he agreed to arbitrate his claims; and (2) the fee-splitting provision is unconscionable.

A.     Agreement to Arbitrate

Plaintiff argues that the court should conduct a jury trial on whether plaintiff is bound to arbitrate his claims because he does not recall signing the agreement and because he thought that the June 2004 Policy Guide disclaimer nullified the Dispute Resolution Agreement.

Plaintiff's lack of recollection is insufficient to invalidate the signed agreement. He has not denied that the handwriting is his or otherwise challenged the authenticity of the document. Nor has he challenged defendants' evidence that all incoming employees were required to sign the arbitration agreement. He has not created an issue of fact for the jury as to whether he signed the April 26, 2002 agreement to arbitrate.

Plaintiff's argument that the Policy Guide disclaimer nullified the April 26, 2002 agreement is also unavailing. Defendants do not contend that plaintiff is bound by the description of the dispute resolution process in the Policy Guide. Whether the Policy Guide itself is an enforceable contract is immaterial to the issue before the court.

B.     Fee-Splitting Provision

Plaintiff argues that the fee-splitting provision in the arbitration agreement is unenforceable because arbitration is cost-prohibitive for plaintiff—defendant Yellow Transportation arbitrated one similar local case in the past five years, and the plaintiff incurred nearly $30,000 in fees.  Defendants respond that the suggestion that the agreement is cost-prohibitive is speculative.  According to defendants, one other similar case in this geographic area was submitted to arbitration, but the parties settled before incurring any fees.  While the court has no reason to doubt defendants' representation, defendants did not submit evidence to support it.  At this point, all the court has before it is a representative case that cost one plaintiff approximately three-fourths of plaintiff Griffin's annual income.  While the court does not have any information before it on plaintiff's other assets or expenses, plaintiff has sworn in an affidavit that he cannot afford to pay $20,000 to $40,000 in arbitrator's fees.

Some speculation is inherently involved in predicting how much it would cost plaintiff to arbitrate his case.  But this case is distinguishable from other cases finding fee-splitting provisions enforceable where the plaintiffs failed to provide *any* evidence of expected costs or their ability to pay such costs.  Compare *Shankle v. B-G Maintenance Mgmt. of Colo.*, 163 F.3d 1230, 1233–35 (10th Cir. 1999) (finding fee-splitting provision unenforceable when the plaintiff, a janitor and shift-manager, would have paid an arbitrator between $1,875 and $5,000 in arbitration fees) with *Gratzer v. Yellow Corp.*, 316 F. Supp. 2d 1099, 1105–06 (D. Kan. 2004) (declining to invalidate the arbitration agreement where the plaintiff failed to present any evidence about the costs of arbitration) and *Perkins v. Rent-A-Center, Inc.*, No. 04-2019-GTV, 2004 WL 1047919, at *4 (D. Kan. May 5, 2004) (refusing to invalidate a fee-splitting provision where the plaintiffs presented no evidence indicating that the costs of arbitration would be prohibitively expensive).  In *Green Tree Financial Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000), the Supreme Court held that where "a party seeks to

invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing a likelihood of incurring such costs." 531 U.S. at 92. Plaintiff has met that burden here. *See generally Owner-Operator Indep. Drivers Ass'n v. C.R. England, Inc.*, 325 F. Supp. 2d 1252, 1262 (D. Colo. 2004) (noting that the plaintiffs' burden of showing that the potential costs of arbitration would deter them from seeking to vindicate their rights did not require an investigation into the employees' bills and expenses). Because it is likely that splitting the costs of arbitration would effectively deny plaintiff a forum, the fee-splitting provision is unenforceable.

Although the fee-splitting provision is unenforceable, the Dispute Resolution Agreement contains a savings clause, which provides that if the fee-splitting provision conflicts with case law, defendant Yellow Transportation will pay the costs and fees associated with arbitration. The court therefore severs the unenforceable fee-splitting provision and requires defendant Yellow Transportation to pay the costs of arbitration.

Based on the foregoing, the court finds the arbitration agreement (minus the fee-splitting provision) enforceable and that plaintiff's claims should be referred to arbitration. But dismissal is inappropriate. While section 3 of the FAA requires the court to stay litigation when claims are properly referable to arbitration, it does not provide for dismissal of the case. The FAA does not deprive the court of jurisdiction over claims subject to arbitration. *The Anaconda v. Am. Sugar Refining Co.*, 322 U.S. 42, 44 (1944). The court will therefore impose a stay but continue supervising the case. *See Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538–39 (10th Cir. 1987).

**IT IS THEREFORE ORDERED** that the Renewed Motion of Defendants to Dismiss and Compel Arbitration (Doc. 34) is granted in part and denied in part. The court does not dismiss the action, but stays the action and compels arbitration between the parties. Defendant Yellow

Transportation shall bear the costs of arbitration in accordance with the Dispute Resolution

Agreement.

　　　　　Dated this <u>22nd</u> day of October 2007, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**